UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00721-FDW-DCK

| | |
|---|---|
| MARGUERITE WATSON, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>TOWN OF MINT HILL and MINT HILL )<br>FIRE PREVENTION BUREAU, INC. )<br>f/k/a MINT HILL VOLUNTEER FIRE )<br>DEPARTMEN, INC., )<br>)<br>    Defendants. ) | **ORDER** |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 14). The motion is now ripe for review. (Doc. Nos. 19, 20). After carefully reviewing the briefing submitted by the parties, and for the reasons stated herein, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion to Dismiss. (Doc. No. 14).

I.  **BACKGROUND**

Plaintiff filed this lawsuit on December 22, 2020. (Doc. No. 1). Plaintiff named both the Town of Mint Hill ("Mint Hill") and Mint Hill Volunteer Fire Department, Inc. ("VFD") as Defendants and uses "Defendants" interchangeably throughout the Amended Complaint, making it unclear which allegations pertain to each Defendant. However, only Defendant Mint Hill filed a Motion to Dismiss, which serves as the subject of this Order.

The Court sets forth the allegations as described in Plaintiff's Amended Complaint, which alleges: (1) wrongful discharge; (2) sexual harassment, discrimination based on sex, and retaliation under Title VII; (3) interference and retaliation under the Americans with Disabilities Act

1

("ADA"); (4) interference and retaliation under the Family Medical Leave Act ("FMLA"); (5) violation of due process rights under the North Carolina Constitution; and (6) two declaratory judgment claims under North Carolina's Declaratory Judgment Act. (Doc. No. 3, pp. 15-20).

Plaintiff's allegations arise out of her employment with Mint Hill and VFD. Id. at p. 4. On or around August 28, 2018, Plaintiff alleges she filed a sexual harassment complaint with Mint Hill's human resources manager, Candice Hawkins, against the treasurer of VFD, Roger Hendrix, alleging Mr. Hendrix made inappropriate comments, yelled, and degraded her due to her sex. (Doc. No. 3, p. 5). Plaintiff claims Defendants failed to promptly or thoroughly investigate her allegations about Mr. Hendrix. Id. Plaintiff subsequently complained to Mint Hill that she was being retaliated against. Id. Plaintiff contends that on October 16, 2018, she met with Ms. Hawkins and VFD Chief David Leath about Plaintiff's earlier sexual harassment complaint and was therein notified that Defendants would begin an investigation. Id. Plaintiff asserts that, on December 13, 2018, Defendants notified her they determined Mr. Hendrix violated their sexual harassment policy. Id. Plaintiff alleges, however, Defendants failed to take any corrective action and failed to protect her against further harassment, discrimination or retaliation. Id.

Plaintiff alleges Defendants' retaliatory actions caused her to suffer emotional distress, anxiety, and depression. Id. at p. 6. She asserts the medical ailments caused by Defendants required her to take FMLA leave, id., and to eventually take prolonged FMLA and ADA leave. id. at pp. 8-12. Plaintiff makes further generalized allegations that Defendants retaliated against her for exercising her FMLA and ADA rights and interfered with said rights by repeatedly requesting her to come into the workplace. Id. at pp. 8-13.

Plaintiff claims she filed her second EEOC Charge, No. 430-2020-823, on December 23, 2019 against Defendants, alleging sexual discrimination, disability discrimination, and retaliation.[1] (Doc. No. 3-2, p. 3). Defendants terminated Plaintiff's employment on January 21, 2020. (Doc. No. 3, p. 14). Plaintiff asserts such termination is baseless; without merit; pretextual to conceal Defendants' conduct; and in retaliation for her exercising her rights under the ADA, FMLA, Title VII, and State Common Law. Id.

Plaintiff claims she timely appealed her termination, but alleges Defendants refused to participate in the appeal process unless Plaintiff met in person. Id. Plaintiff alleges she requested to meet remotely regarding the appeal process, but Mint Hill refused. Id.

Plaintiff filed an EEOC Charge, No. 430-2020-2437, on July 15, 2020, regarding her wrongful termination, sexual discrimination, disability discrimination, and retaliation. (Doc. No. 3-3, pp. 2-3). The EEOC issued a right to sue for all three of the EEOC charges Plaintiff filed against Defendants. See (Doc. Nos. 3-1, 3-2, and 3-3). Mint Hill now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim. (Doc. No. 14).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by

---

[1] Plaintiff alleges she filed her first EEOC Charge, No. 430-2020-173, on October 15, 2019. (Doc. No. 3, p. 10). Because her first EEOC Charge is not relevant to this motion, the Court declines to address it herein.

a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has said:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. ANALYSIS

Mint Hill has moved to dismiss Plaintiff's Amended Complaint in its entirety.[2] (Doc. No. 14). As an initial matter, the Court summarily denies Mint Hill's motion to dismiss on all counts except for Plaintiff's fifth cause of action—violation of her constitutional rights under the North

---

[2] Mint Hill withdrew its Motion to Dismiss on the limited issue of Plaintiff's entitlement to appeal her termination. (Doc. No. 20, p. 6). Plaintiff seeks a declaratory judgment as to the respective rights and duties of the parties regarding Mint Hill's obligations to abide by its own policies for termination and the termination appeals process. (Doc. No. 3, p. 19). Because Mint Hill withdrew, Plaintiff's claim for declaratory judgment on the termination appeals process is not a subject of this Order and remains in place.

4

Carolina Constitution.³ This ruling is without prejudice, and Mint Hill is free to reassert the issues raised in its 12(b)(6) motion at summary judgment.

As to Plaintiff's state constitutional claims, Plaintiff asserts Mint Hill violated her constitutional rights under the North Carolina Constitution for two reasons. First, Plaintiff claims Mint Hill's "conduct in wrongfully terminating Plaintiff constitutes a deprivation of Plaintiff's property without due process in violation of . . . the North Carolina Constitution." (Doc. No. 3, p. 19). Second, Plaintiff claims Mint Hill violated her due process rights under the North Carolina Constitution "by failing to follow its own procedures and processes relating to her termination and post-termination appeal." (Doc. No. 3, pp. 18-19). Mint Hill argues Plaintiff failed to state a claim because Plaintiff "does not assert a lost property interest and because her claim is addressed in the state law wrongful discharge claim." (Doc. No. 15, pp. 12-13).

The Supreme Court of North Carolina has held a plaintiff has a direct cause of action against government defendants for alleged violations of the State constitution. See Corum v. Univ. of N.C., 413 S.E.2d 276, 288 (N.C. 1992). To assert such a claim, "a plaintiff must allege that no adequate state remedy exists to provide relief for the injury." Copper ex rel. Copper v. Denlinger, 688 S.E.2d 426, 428 (N.C. 2010). State constitutional claims "never guarantee a recovery; rather, [they] guarantee[] an *opportunity* to seek redress for the constitutional wrong." Randleman v. Johnson, 162 F. Supp. 3d 482, 489 (M.D.N.C. 2016) (emphasis in original) (referring to Craig ex rel. Craig v. New Hanover Cnty. Bd. Of Educ., 678 S.E.2d 351, 355 (N.C. 2009); Corum, 413 S.E.2d 276). Of notable importance to Plaintiff's claim, a plaintiff is not entitled to a direct constitutional claim when his or her rights are adequately protected by a wrongful discharge claim.

---

³ Plaintiff asserts claims under N.C. GEN. STAT. § 143-422.2; Title VII; the ADA; the FMLA; the North Carolina Constitution; and the North Carolina Declaratory Judgment Act. (Doc. No. 3, 15-20).

See Phillips v. Gray, 592 S.E.2d 229, 233 (N.C. 2004) (holding the lower court properly dismissed the former deputy's free speech claim because his rights were "adequately protected by a wrongful discharge claim").

Here, Plaintiff has failed to allege in the Amended Complaint there is no adequate state remedy for either State constitutional claim. Not only does Plaintiff fail to specifically allege, or even imply, that there is no adequate state remedy, Plaintiff expressly claims there *is* an adequate wrongful discharge claim. Plaintiff's wrongful discharge claim would provide an opportunity to seek redress for the constitutional wrong. Therefore, Plaintiff's rights are "adequately protected" without asserting any claims under the State Constitution. Thus, the Court GRANTS Mint Hill's Motion to Dismiss Plaintiff's claim for violation of her state constitutional rights.[4]

### IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss, (Doc. No. 14) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

Signed: July 7, 2021

Frank D. Whitney
United States District Judge

---

[4] Plaintiff provides specific factual allegations in her Response Motion regarding an inadequate state remedy, see (Doc. No. 19, p. 13), but Plaintiff may not amend her Complaint by using her Response to Defendant's Motion to Dismiss. See State Farm Mut. Auto Ins. Co. v. Slade Healthcare, Inc., 381 F. Supp. 3d 536, 573 (D. Md. 2019).